THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sharon McCarthy, Appellant,
v.
The Steinberg Law Firm and Twin City Fire Insurance/The Hartford, Employer/Carrier,
Respondents.
 
 
 

Appeal From Berkeley County
 G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-113
Submitted March 1, 2007  Filed March 7, 2007  

AFFIRMED

 
 
 
Thomas W. Greene, Greene Law Firm, of Charleston, for Appellant.
Stephen L. Brown and Elizabeth B. Luzuriaga, Young Clement Rivers, LLP, of Charleston, for Respondents.
 
 
 

PER CURIAM: Sharon McCarthy filed a claim for compensation with the Workers Compensation Commission.  The single commissioner denied her claim, and an appellate panel of the Commission (as the ultimate fact-finder) affirmed.  The circuit court, sitting in its appellate capacity, affirmed.  McCarthy appeals, and we affirm.[1]
1.  McCarthy first argues the Commission erred in rejecting the expert testimony of Lawrence C. Davis, a Microsoft certified systems engineer.   This argument fails because Daviss testimony was not rejected by the Commission.  It is clear from the record that the Commission both admitted and considered Davis evidence.  The Commission simply did not assign it any significant weight.  The single commissioner concluded, the work order issued on June 27, 2002 carries little weight with regard to the issue of a causal relationship between the Claimants work environment and her ongoing neck condition.  Such determinations of weight are within the purview of the Commission and will not be disturbed on appeal.  S.C. Code Ann. § 1-23-380(A)(5) (2006) (The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact.); see also Fields v. Regl Med. Ctr. Orangeburg, 363 S.C. 19, 25-26, 609 S.E.2d 506, 509 (2005) (Qualification of an expert and the admission or exclusion of his testimony is a matter within the sound discretion of the trial court . . . the trial courts decision will not be disturbed on appeal absent an abuse of discretion.).  Expert medical testimony is designed to aid the Commission in coming to the correct conclusion; therefore, the Commission determines the weight and credit to be given to the expert testimony.  Once admitted, expert testimony is to be considered just like any other testimony.  Tiller v. Natl Health Care Ctr. of Sumter, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) (internal citations omitted).  
2.  McCarthy further argues the Commission applied an incorrect standard of proof to her claim.  McCarthys argument relies on the statement in the Commissions order that substantial and convincing evidence connecting the Claimants job to her injury is required, arguing this is error and that the applicable standard is preponderance or greater weight of the evidence.  This issue is not preserved for review, as it was not ruled upon by the circuit court in its order and McCarthy did not make a Rule 59(e) motion to alter or amend the judgment. See Shealy v. Aiken County, 341 S.C. 448, 460, 535 S.E.2d 438, 444-45 (2000).
3.  McCarthy argues the Commissions finding that she did not suffer a compensable work-related injury is not supported by substantial evidence in the record.  We disagree.  There is considerable and substantial evidence in the record that McCarthys injuries did not have a provable link to her work conditions.  Dr. Marzluff, who treated McCarthys condition for over a decade, stated that I cannot say with a reasonable degree of medical certainty that the problems related to her work station were the causes of her neck pain.  Dr. Khoury corroborated Marzluffs evaluation, stating it would have to be something pretty unusual about her work station that would have caused this problem.  The record contains substantial evidence to support the Commissions finding that McCarthy did not suffer a compensable injury to her cervical spine arising out of her working conditions.  Accordingly, the finding must be affirmed.  Tiller, 334 S.C. at 338, 513 S.E.2d at 845 (This Court must affirm the findings of fact made by the Commission if they are supported by substantial evidence.).
4.  Finally, McCarthy disputes the Commissions findings that she did not sustain a compensable emotional psychological overlay injury.  This argument fails because any psychological overlay claim is necessarily dependent upon an underlying compensable physical injury.  See Shealy, 341 S.C. at 457, 535 S.E.2d at 443 (Mental or nervous disorders are compensable accidental injuries under the statute when the emotional stimuli or stressors are incident to or arise from unusual or extraordinary conditions of employment.).  Because we affirm the Commissions finding that McCarthy did not suffer a compensable injury to her cervical spine arising out of her working conditions, there is no need to address this issue.  Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340-341, 428 S.E.2d 886, 889 (1993) (holding appellate court need not address remaining issues when resolution of prior issues is dispositive). 
AFFIRMED. 
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.